UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Federal National Mortgage
Association</u>

    v.                                          Civil No. 11-cv-542-JL

<u>Gary P. Borak</u>

**<u>SUMMARY ORDER</u>**

The Federal National Mortgage Association ("Fannie Mae") commenced this possessory action in Plaistow District Court against Gary P. Borak and other "unknown occupants" of certain real property in Danville, New Hampshire, which Fannie Mae claims to have purchased at a foreclosure sale. Borak, proceeding pro se, responded by filing a notice of removal of the action to this court on November 29, 2011. <u>See</u> 28 U.S.C. § 1446(a).

On December 1, 2010, Fannie Mae filed a motion to remand the action to the state court, <u>see</u> <u>id.</u> § 1447(c), arguing that, because Borak is a citizen of New Hampshire, the action is not removable, <u>see</u> <u>id.</u> § 1441(b). Section 1441(b) provides that:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. <u>Any other such action shall be removable only if none of the parties properly joined and served as a defendant is a citizen of the State in which such action is brought.</u>

(emphasis added).

Though Borak admits little else (including the very existence of Fannie Mae, its counsel of record, or even this action), he does admit to being a citizen of New Hampshire. There is also no question that Borak has been "properly joined and served as a defendant." Though Borak also denies these things, he repeatedly gives his address (in his filings in both this court and elsewhere) as the very property of which Fannie Mae seeks possession, so he is "properly named" as a defendant to its possessory action, see N.H. Rev. Stat. Ann. § 540:12, and the state-court record contains a certification from a deputy sheriff that he served Borak by leaving a copy of the state-court process at his abode, so he was "properly served," see id. § 510:2. Thus, because a "citizen of the State in which [this] action was brought," New Hampshire, has been "properly named and served as a defendant," this action is not removable under § 1441(b).

The only way § 1441(b) would not prevent removal here would be, as the statute says, if this were a "civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States" under 28 U.S.C. § 1331. But it is not:  it is an action for possession of real property under state law. In fact, Borak's notice of removal expressly invokes this court's diversity jurisdiction, see id. § 1332(a)(1), rather than its

federal question jurisdiction. While the notice also makes reference to "violations against the civil and constitutional rights" of Borak, that reference is not explained in anything filed with this court and, regardless, federal constitutional claims by a <u>defendant</u> do not confer federal jurisdiction anyway. <u>See</u> <u>Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.</u>, 535 U.S. 826, 831 (2002). Borak's claim that the state district court "has not the sophistication, the capacity, or expertise in law to comprehend this proceeding," even if it had any basis, would also not establish federal jurisdiction. <u>See</u>, <u>e.g.</u>, <u>Haywood v. Drown</u>, 129 S. Ct. 2108, 2120-21 (2009).

Finally, Fannie Mae's motion for remand was made within 30 days after the filing of Borak's notice of removal, as required by 28 U.S.C. § 1447(c). While Borak has moved to strike the remand motion, he does not articulate any basis for doing so (instead, he insinuates that proceedings in the state district court have continued even after he removed the action here, but the certified state-court record, which he submitted, does not bear that out, and this court fails to see what effect that would have on the validity of Fannie Mae's remand motion anyway).

Accordingly, Fannie Mae's motion to remand (document no. 4) is GRANTED, Borak's motion to strike (document no. 5) is DENIED, and Fannie Mae's motion to strike the motion to strike (that is

not a typo; document no. 13) is DENIED as moot.  The clerk of court shall remand this action to the Plaistow District Court.

    **SO ORDERED.**

                                                    _____
                                                   Joseph N. Laplante
                                                   United States District Judge

December 20, 2011

cc:   Charles W. Gallagher, Esq.
      Christopher J. Fischer, Esq.
      Gary P. Borak, pro se